UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ASSORTED JEWELRY VALUED AT $13,430.00,<br><br>      Defendant-*In-Rem*. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-0777 (JEI)<br><br>**MEMORANDUM OPINION** |

**APPEARANCES**:

OFFICE OF THE UNITED STATES ATTORNEY
Peter W. Gaeta
970 Broad Street, Suite 700
Newark, NJ 07102
    Counsel for Plaintiff

**Irenas**, Senior District Judge:

    This matter involves the forfeiture of jewelry seized from Charles Hill during a motor vehicle stop. The Government has moved to strike Hill's Answer and for entry of default judgment. For the following reasons, the Court will grant the Government's motion.

**I.**

    On January 18, 2010, the Drug Enforcement Agency ("DEA") seized jewelry valued at approximately $13,430.00 from would-be

1

Claimant, Charles Hill, during a motor vehicle stop in Atlantic City, New Jersey.  (Verified Compl. [Dkt. No. 1] ¶ 2)  As part of administrative forfeiture proceedings regarding this jewelry, the DEA sent a Notice of Seizure by certified mail, return receipt requested to Hill.  (Pl.'s Br. 2)  The DEA received an administrative claim from Hill on May 13, 2010, which terminated the administrative proceedings.  (*Id.*)  The Government was required to file a judicial forfeiture complaint within 90 days.  *See* 18 U.S.C. § 983(a)(3)(A).  On August 10, 2010, the Court extended the Government's time to initiate a judicial forfeiture until February 11, 2011.  (Pl.'s Ex. A)  The Government timely filed a Verified Complaint for Forfeiture *In Rem* on February 9, 2011 (Dkt. No. 1), and on the same day a Warrant for Arrest *In Rem* was filed.  (Dkt. No. 2)

On February 17, 2011, the Government filed and served a Notice of Forfeiture on Hill.  (Dkt. No. 3)  That Notice clearly stated that Hill had to file a verified claim pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") no later than March 24, 2011.  (*Id.* at 1-2)  Although Hill did not file a verified claim, he filed an Answer to the Government's Complaint on March 9, 2011.  (Dkt. No. 4)

On November 21, 2012, the Government moved to strike Hill's Answer pursuant to Rule G(8)(c)(i)(A) and for the entry of

2

default judgment. (Dkt. No. 5) The Government argues that Hill lacks statutory standing to pursue his claim, as he failed to comply with the procedures for contesting asset forfeiture. Hill has not filed an opposition to this Motion.

**II.**

To contest a forfeiture, a claimant must meet both Article III and statutory standing requirements. *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007). "Statutory standing is a *threshold* issue that determines whether a party is properly before the court." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003). To satisfy statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in Rule G(5) of the Supplemental Rules and 18 U.S.C. § 983(a)(4)(A). *$487,825.00*, 484 F.3d at 664.

Section 983(a)(4)(A) states that "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules." Supplemental Rule G(5) requires a claimant to file a verified claim, which must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the

government attorney." Supp. R. G(5)(a)(i)(A)-(D).  The claimant has to file the claim "by the time stated in a direct notice sent under Rule G(4)(b)." *Id.* G(5)(a)(ii)(A).  The claimant then has twenty-one days within which he must file and serve his answer or motion under Rule 12.  *Id.* G(5)(b).  The Government may move to strike the claim or answer because the claimant failed to comply with these procedures or because the claimant lacks standing.  *Id.* G(8)(c)(i).

### III.

Hill has failed to meet the requirements of § 983(a)(4)(A) and Rule G(5).  Hill has not filed a verified claim pursuant to Rule G(5), and his Answer cannot qualify as such a claim.  *See United States v. $140,000.00 in U.S. Currency*, No. 09-3516, 2010 WL 1704966, at *3 (D.N.J. Apr. 26, 2010).  In addition to the fact that the statute and Rule G(5) contemplate the filing of an answer apart from the verified claim, Hill's Answer itself does not meet any of the requirements of a verified claim.  The Answer does not identify the specific property claimed, contains no indication of what Hill's interest in the property is, and was not signed or verified by Hill.  (*See* Dkt. No. 4)  As the Third Circuit has noted, Rule G(5)'s requirements are "no mere procedural technicality."  *$487,825.00*, 484 F.3d at 665.

Because Hill has failed to meet these requirements, he lacks statutory standing, and the Court will strike his Answer.

In the absence of a verified claim or a valid answer to the Government's Complaint, the Government is entitled to default judgment pursuant to Fed. R. Civ. P. 55(a).  *See id.*, 484 F.3d at 665 (affirming district court's entry of default judgment for the Government where the would-be claimant failed to file a verified claim); *$140,000.00*, 2010 WL 1704966, at *4 (entering default judgment in favor of the Government where the would-be claimants filed an answer without first filing a verified complaint).  Thus, the Court will enter default judgment in favor of the Government and will order forfeiture of the jewelry to the Government.

**IV.**

For the foregoing reasons, the Court will grant the Government's Motion to Strike the Answer of Would-Be Claimant Charles Hill and for Entry of Default Judgment.  The Court will issue an appropriate Order.

Date:  February 28, 2013

/s/ Joseph E. Irenas

**Joseph E. Irenas, S.U.S.D.J.**